UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA MARIA AGUILERA BARRIENTOS,<br><br>           Petitioner,<br><br>    v.<br><br>CHRISTOPHER CHESTNUT, Warden, California City ICE Detention Facility, et al.,<br><br>           Respondents. | No.  1:25-cv-01490-SKO (HC)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(Doc. 1) |

Petitioner is an immigration detainee proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. This habeas action concerns the re-detention of Petitioner Rosa Maria Aguilera Barrientos, a noncitizen who was detained and released in 2022, and re-detained by Immigration and Customs Enforcement ("ICE") on October 30, 2025. On November 4, 2025, Petitioner filed the instant petition contending her re-detention without a pre-deprivation hearing violates the Due Process Clause of the Fifth Amendment. For the reasons explained below, the petition will be GRANTED.[1]

---

[1] The parties consented to magistrate jurisdiction, (Docs. 6, 9, 10), and therefore the petition will be adjudicated by the undersigned.

1

**I.   BACKGROUND**[2]

Petitioner is a citizen and national of Peru. (Doc. 12 at 6.) She entered the United States on or about November 11, 2022, and was encountered and detained by immigration authorities near El Paso, Texas. (Doc. 12 at 6.)  After taking her into custody, immigration officials provided Petitioner with a notice to appear for removal proceedings. (Doc. 12 at 6-7.) In the notice to appear, immigration officials designated her as "an alien present in the United States without being admitted or paroled" pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), and did not designate her as an "arriving alien." (Doc. 12 at 6.) Petitioner was then released upon her own recognizance on November 13, 2022.  (Doc. 12 at 6-7).  On November 8, 2023, Petitioner filed applications for asylum, withholding of removal and protection under the Convention Against Torture. (Doc. 1 at 6.) The applications remain pending with an individual merits hearing set for August 12, 2026.  (Doc. 1 at 6).

The regulations that authorize immigration authorities to release a noncitizen on her own recognizance require that the noncitizen "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons" and that the noncitizen is "likely to appear for any future proceeding."  8 C.F.R. § 1236.1(c)(8).  "Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk."  Saravia v. Sessions, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom.* Saravia for A., 17H. v. Sessions, 905 F.3d 1137 (9th Cir. 2018).

On October 30, 2025, Petitioner was re-arrested and detained in San Francisco while reporting to an ICE check-in appointment. (Doc. 12 at 1.)  She is now detained at California City Detention Center.  (Doc. 1 at 1.)

Several months before her detention, the Department of Homeland Security ("DHS") issued a policy which provides that noncitizens who entered the United States without admission

---

[2] This section includes information from Petitioner's verified petition and the parties' other filings. A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197–98 (9th Cir. 1987)).

or parole are "applicants for admission," and therefore subject to 8 U.S.C. § 1225(b), a statutory provision which mandates detention.  See Sharan S. v. Chestnut, No. 1:25-CV-01427-KES-SKO (HC), 2025 WL 3167826, at *2 (E.D. Cal. Nov. 12, 2025).  In Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), the Board of Immigration Appeals agreed with DHS's new reading of the statute.  Id.

On November 4, 2025, Petitioner filed the present petition contending her re-detention without a bond hearing violates the Due Process Clause, and that 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b), governs her status within the immigration system.  She requests release from detention or an order directing Respondents to provide her with a constitutionally adequate bond hearing.  (Doc. 1 at 10.)

On November 17, 2025, the Court set a briefing schedule. On December 8, 2025, Respondents filed an answer to the petition. (Doc. 11.) Petitioner filed a reply on December 11, 2025. (Doc. 12.)

## II.   LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

Civil immigration detention is typically justified only when a noncitizen presents a risk of flight or danger to the community.  See Zadvydas, 533 U.S. at 690; Padilla v. ICE, 704 F. Supp.

1  3d 1163, 1172 (W.D. Wash. 2023).  Petitioner contends that the Due Process Clause bars the

2  Government from re-detaining her without first providing a hearing where it must prove she is a

3  flight risk or danger.  (Doc. 1 at 7-10.)

4        In their response to the petition, Respondents do not contend that the Government made

5  an evidence-based determination that Petitioner was a danger, or a flight risk, or that she had

6  violated his conditions of release.  Nor do they allege that Petitioner had committed a crime or

7  that they had otherwise made a determination that Petitioner was dangerous.  In fact, Respondents

8  do not address, engage with, or even mention *any* facts specific to Petitioner in their response.

9  (Doc. 11).  Instead, Respondents urge the Court to adopt reasoning consistent with the new DHS

10  guidance—that Petitioner's recent re-detention is mandatory under section 1225(b)(2)(A).

11  Accordingly, before turning to the standard due process analysis, the Court will address the

12  threshold matter of whether Petitioner's re-detention is properly understood to be authorized by

13  section 1225(b)(2)(A) as Respondents contend, or under section 1226(a) as Petitioner contends.

14        When first presented with the Government's new interpretation of section 1225(b)(2)(A),

15  some courts described this read of the statute as "novel."  See, e.g., Barrera v. Tindall, No. 3:25-

16  CV-541-RGJ, 2025 WL 2690565, at *5 (W.D. Ky. Sept. 19, 2025).  But only months later, after

17  being almost universally rejected in cases decided by district courts from different districts in the

18  country,[3] this Court finds that these previously "novel" arguments are no longer sustainable.

---

[3] See, e.g., Souza v. Robbins, No. 1:25-CV-01597-DJC-JDP, 2025 WL 3263897, at *2 (E.D. Cal. Nov. 23, 2025); Garcia-Donis v. Noem, No. 3:25-CV-03281-BTM-BJW, 2025 WL 3467385, at *1 (S.D. Cal. Dec. 3, 2025); Pico v. Noem, No. 25-CV-08002-JST, 2025 WL 3295382, at *3 (N.D. Cal. Nov. 26, 2025); P.T. v. Hermosillo, No. C25-2249-KKE, 2025 WL 3294988, at *2 n.1 (W.D. Wash. Nov. 26, 2025); Elias v. Knight, No. 1:25-CV-00594-BLW, 2025 WL 3228262, at *7 (D. Idaho Nov. 19, 2025); Ortiz v. Bernacke, No. 2:25-CV-01833-RFB-NJK, 2025 WL 3237291, at *3 (D. Nev. Nov. 19, 2025); Rico-Tapia v. Smith, No. CV 25-00379 SASP-KJM, 2025 WL 2950089, at *6 (D. Haw. Oct. 10, 2025); Benitez v. Noem, No. 5:25-cv-02190 (C.D. Cal. Aug. 26, 2025); Rocha Rosado v. Figueroa, No. CV 25-02157, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025), *report and recommendation adopted* 2025 WL 2349133 (D. Ariz. Aug. 13, 2025); Moraes v. Joyce, No. 2:25-CV-00583-JAW, 2025 WL 3459583, at *4 (D. Me. Dec. 2, 2025); Espinosa v. Noem, No. 1:25-CV-1396, 2025 WL 3455533, at *8 (W.D. Mich. Dec. 2, 2025); Moncada v. Noem, No. 6:25-CV-3354-MDH, 2025 WL 3458894, at *4 (W.D. Mo. Dec. 2, 2025); Soumare v. Jamison, No. CV 25-6490, 2025 WL 3461542, at *3 (E.D. Pa. Dec. 2, 2025); Andres v. Noem, No. CV H-25-5128, 2025 WL 3458893, at *4 (S.D. Tex. Dec. 2, 2025); Campos-Flores v. Bondi, No. 3:25CV797, 2025 WL 3461551, at *5 (E.D. Va. Dec. 2, 2025); Patel v. Harden, No. 2:25-CV-870-JES-NPM, 2025 WL 3442706, at *4 (M.D. Fla. Dec. 1, 2025); Sutuj v. Noem, No. 25-CV-17169-ESK, 2025 WL 3461508, at *1 (D.N.J. Dec. 1, 2025); Edahi v. Lewis, No. 4:25-CV-129-RGJ, 2025 WL 3466682 (W.D. Ky. Nov. 27, 2025); Rodriguez-Acurio v. Almodovar, No. 2:25-CV-6065 (NJC), 2025 WL 3314420, at *12 (E.D.N.Y. Nov. 28, 2025); Ruiz v.

1  Respondents' acknowledgment that it "recognizes that this Court and others have held against it

2  on this issue. . . ." is certainly an understatement. (Doc. 11 at 6.) Consistent with the

3  overwhelming consensus rejecting Respondents' interpretation of section 1225(b)(2)(A), and

4  adopting the persuasive reasoning of cases like Guerrero Lepe v. Andrews, No. 1:25-CV-01163-

5  KES-SKO (HC), 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025), this Court determines that section

6  1226(a), not section 1225(b)(2)(A), authorizes and dictates Respondents' authority to re-detain

7  Petitioner.

8      The Court next turns to the analysis of Petitioner's due process claim. Due process claims

9  are analyzed "in two steps: the first asks whether there exists a protected liberty interest under the

10  Due Process Clause, and the second examines the procedures necessary to ensure any deprivation

11  of that protected liberty interest accords with the Constitution." Garcia v. Andrews, No. 2:25-cv-

12  01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of

---

Baltazar, No. 1:25-CV-03642-CNS, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025); Gallegos Valenzuela v. Olson, No. 25-CV-13499, 2025 WL 3296042, at *6 (N.D. Ill. Nov. 26, 2025); Granados v. Noem, No. SA-25-CA-01464-XR, 2025 WL 3296314, at *6 (W.D. Tex. Nov. 26, 2025); Aguilar v. English, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, at *8 (N.D. Ind. Nov. 25, 2025); Ambrocio v. Noem, No. 4:25CV3226, 2025 WL 3295530, at *6 (D. Neb. Nov. 25, 2025); Lopez v. Raycraft, No. 4:25CV2449, 2025 WL 3280344, at *4 (N.D. Ohio Nov. 25, 2025); Quituisaca v. Bondi, No. 6:25-CV-6527-EAW, 2025 WL 3264440, at *4 (W.D.N.Y. Nov. 24, 2025); Rodriguez v. Hyde, No. 25-CV-607-JJM-PAS, 2025 WL 3274606, at *2 (D.R.I. Nov. 25, 2025); Roman v. Olson, No. CV 25-169-DLB-CJS, 2025 WL 3268403, at *6 (E.D. Ky. Nov. 24, 2025); S.D.B.B. v. Johnson, No. 1:25-CV-882, 2025 WL 2845170, at *6 (M.D.N.C. Oct. 7, 2025); Castillo v. Loza, No. CV 25-1074 JB/JFR, 2025 WL 3251223, at *10 (D.N.M. Nov. 21, 2025); Carlos v. Bondi, No. 9:25-CV-00249-MJT-ZJH, 2025 WL 3252561, at *2 (E.D. Tex. Nov. 21, 2025); Padilla v. Galovich, No. 25-CV-863-JDP, 2025 WL 3251446, at *3 (W.D. Wis. Nov. 21, 2025); Mayancela v. FCI Berlin, No. 25-CV-348-LM-TSM, 2025 WL 3215638, at *2 (D.N.H. Nov. 18, 2025); Villa v. Normand, No. 5:25-CV-100, 2025 WL 3188406, at *8 (S.D. Ga. Nov. 14, 2025); Delgado Avila v. Crowley, No. 2:25-CV-00533-MPB-MJD, 2025 WL 3171175, at *3 (S.D. Ind. Nov. 13, 2025); Yupangui v. Hale, No. 2:25-CV-884, 2025 WL 3207070, at *5 (D. Vt. Nov. 17, 2025); Chilel Chilel v. Sheehan, No. C25-4053-LTS-KEM, 2025 WL 3158617, at *2 (N.D. Iowa Nov. 12, 2025); Martinez v. Hyde, No. 25-CV-575-JJM-AEM, 2025 WL 3124025, at *2 (D.R.I. Nov. 7, 2025); Godinez-Lopez v. Ladwig, No. 2:25-CV-02962-SHL-ATC, 2025 WL 3047889, at *6 (W.D. Tenn. Oct. 31, 2025); Ramirez Valverde v. Olson, No. 25-CV-1502, 2025 WL 3022700, at *4 (E.D. Wis. Oct. 29, 2025); Del Cid v. Bondi, No. 3:25-CV-00304, 2025 WL 2985150, at *16 (W.D. Pa. Oct. 23, 2025); Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr., No. 25-24535-CIV, 2025 WL 2938369, at *5 (S.D. Fla. Oct. 15, 2025); Lopez-Campos v. Raycraft, No. 2:25-cv-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, No. 3:25-cv-01093-JE, Doc. 20 (W.D. La. Aug. 27, 2025); Leal-Hernandez v. Noem, No. 1:25-cv-02428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025); Romero v. Hyde, No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); Aguilar Maldonado v. Olson, No. 25-cv-3142, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Lopez Benitez v. Francis, No. 25-Civ-5937, 2025 WL 2267803 (S.D.N.Y. Aug. 8, 2025); Martinez v. Hyde, No. CV 25-11613-BEM, 2025 WL 2084238, at *9 (D. Mass. July 24, 2025).

Corrections v. Thompson, 490 U.S. 454, 460 (1989)).

### A. Petitioner Possesses a Protected Liberty Interest.

A protected liberty interest may arise from a conditional release from physical restraint. Young v. Harper, 520 U.S. 143, 147–49 (1997). Even when a statute allows the Government to arrest and detain an individual, a protected liberty interest under the Due Process Clause may entitle the individual to procedural protections not found in the statute. See id. (due process requires pre-deprivation hearing before revocation of preparole); Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (same, in probation context); Morrissey v. Brewer, 408 U.S. 471, 482 (1972) (same, in parole context). To determine whether a specific conditional release rises to the level of a protected liberty interest, "[c]ourts have resolved the issue by comparing the specific conditional release in the case before them with the liberty interest in parole as characterized by Morrissey." Gonzalez-Fuentes v. Molina, 607 F.3d 864, 887 (1st Cir. 2010) (internal quotation marks and citation omitted).

In Morrissey, the Supreme Court explained that parole "enables [the parolee] to do a wide range of things open to persons" who have never been in custody or convicted of any crime, including to live at home, work, and "be with family and friends and to form the other enduring attachments of normal life." Morrissey, 408 U.S. at 482. "Though the [government] properly subjects [the parolee] to many restrictions not applicable to other citizens," such as monitoring, his "condition is very different from that of confinement in a prison." Id. "The parolee has relied on at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." Id. The revocation of parole undoubtedly "inflicts a grievous loss on the parolee." Id. (quotations omitted). Therefore, a parolee possesses a protected interest in his "continued liberty." Id. at 481–84.

Immigration officials' 2022 release of Petitioner on her own recognizance pending her immigration proceedings was similar, in that it allowed her to live in the country subject to supervision, but out of custody, for three years. And that time inherently allowed Petitioner to form "enduring attachments of normal life." Id. at 482. The Court concludes that Petitioner's original release and years out of custody gave rise to a constitutionally protective liberty interest.

Because the Court concludes that Petitioner has a protected liberty interest in her release, see Guillermo M. R. v. Kaiser, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); Ortega v. Kaiser, No. 25-cv-05259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest), the Court must next determine what process is due before the Government may terminate Petitioner's liberty.

**B.     The Mathews Factors Demonstrate Petitioner is Entitled to a Pre-Deprivation Hearing**

Due process "is a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127 (1990). The procedural protections required in a given situation may be evaluated using the Mathews v. Eldridge factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Id. (quoting Mathews v. Eldridge, 424 U.S. 319, 335 (1976)); see Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (applying *Mathews* factors in immigration detention context).

Turning to the first factor, Petitioner has a significant private interest in remaining free from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Petitioner had been out of custody for three years. Her detention denies her that freedom.

Second, "the risk of an erroneous deprivation [of liberty] is high" where, as here, "[the petitioner] has not received any bond or custody redetermination hearing." A.E. v. Andrews, No. 1:25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a

noncitizen presents a risk of flight or danger to the community.  See Zadvydas, 533 U.S. at 690; Padilla, 704 F. Supp. 3d at 1172.  Here, however, there is no evidence of a risk of flight or danger nor does the Government rely on such justification in support of Petitioner's re-detention.

Third, although the Government has a strong interest in enforcing the immigration laws, the Government's interest in re-detaining petitioner without a hearing is "low."  Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); Doe v. Becerra, No. 2:25-cv-00647-DJC-DMC, 2025 WL 691664, at *6 (E.D. Cal. March 3, 2025).  In immigration court, custody hearings are routine and impose a "minimal" cost.  Doe, 2025 WL 691664, at *6.  "If the government wishes to re-arrest [petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."  Ortega, 415 F. Supp. 3d at 970.

On balance, the Mathews factors show that before Respondents could lawfully re-detain Petitioner, she was entitled to a bond hearing.  "'[T]he root requirement' of the Due Process Clause" is "that an individual be given an opportunity for a hearing *before* [s]he is deprived of any significant protected interest."  Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) (quoting Boddie v. Connecticut, 401 U.S. 371, 379 (1971)); see Zinermon, 494 U.S. at 127 ("[a]pplying [the Mathews] test, the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty").  And consistent with the decisions of countless other courts in this circuit who have ruled on this issue, at such a hearing the burden would be on the Government to prove that Petitioner is a flight risk or danger to the community by clear and convincing evidence.  See, e.g., Ramirez Clavijo v. Kaiser, No. 25-CV-06248-BLF, 2025 WL 2419263, at *4–6 (N.D. Cal. Aug. 21, 2025) (reaching the same conclusion); Garcia, 2025 WL 1927596, at *5 (same); Pinchi v. Noem, No. 25-CV-05632-RMI (RFL), 2025 WL 1853763, at *1 (N.D. Cal. July 4, 2025) (same); Ortega, 415 F. Supp. 3d at 970 (same); Doe, 2025 WL 691664, at *6 (same); Diaz v. Kaiser, No. 3:25-cv-05071, 2025 WL 1676854, at *2 (N.D. Cal. June 14, 2025) (same); Romero v. Kaiser, No. 22-cv-02508-TSH, 2022 WL 1443250, at *4 (N.D. Cal. May 6, 2022) (same); Vargas v. Jennings, No. 20-cv-5785-PJH, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020) (same). Accordingly, Petitioner's detention is in violation of the Due Process Clause of the Fifth Amendment.

## IV. CONCLUSION & ORDER

Based on the foregoing, it is HEREBY ORDERED that,

1. The Petition for Writ of Habeas Corpus, (Doc. 1), is GRANTED;

2. Respondents are ORDERED to release Petitioner immediately;

3. Respondents are ENJOINED and RESTRAINED from re-detaining Petitioner unless Respondents demonstrate by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker that Petitioner is a flight risk or danger to the community such that her physical custody is legally justified; and

4. By 5:00 p.m. on December 18, 2025, Respondents SHALL file a status report confirming Petitioner's release.

Upon receipt of Respondents' representations that they have fully complied with their obligations under this order to release Petitioner, the Court will direct the Clerk to close this case.

IT IS SO ORDERED.

Dated:  **December 17, 2025**                        /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE