UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA MARIA AGUILERA BARRIENTOS,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, Warden, et al.,<br><br>Respondents. | No.  1:25-cv-01490-SKO (HC)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>**[Doc. 14.]**<br><br>**ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE** |

Petitioner is a former immigration detainee proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.     ORDER TO SHOW CAUSE**

On November 17, 2025, the Court issued an order directing Respondents to show cause why the petition should not be granted. (Doc. 7.) Respondents were also directed as follows:

> Respondent SHALL INCLUDE a copy of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules Governing Section 2254 Cases.

(Doc. 7 at 2.) This was to provide Petitioner with documentation in Respondents' possession that pertain to the issues presented in the petition and to provide the Court with relevant documentation with which to consider the facts and the parties' arguments. See Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases, 2004 Amendments

1  ("These provisions are intended to ensure that the court is provided with additional information

2  that may assist it in resolving the issues raised, or not raised, in the petition.")

3  On December 8, 2025, Respondents filed an answer to the petition. (Doc. 11.)

4  Respondents did not provide Petitioner's Alien File ("A-File") or any relevant documents in

5  conjunction with the answer.  Respondents "acknowledged" the Court's order but requested

6  reconsideration of the part directing Respondent to provide the entire A-File. (Doc. 11 at 2 n.2.)

7  On December 12, 2025, the Court granted reconsideration to the extent that the entire the

8  A-File did not need to be produced. However, Respondents were directed to produce:

> any documents in Petitioner's A-file that relate to Petitioner's original detention in 2022, release in 2022, and re-detention on October 30, 2025. Such documents may include--but are not limited to--any order of release, documents related to any applicable conditions of release, any documentation as to why Petitioner was previously determined to be eligible for release, and any documentation as to why Petitioner was re-detained.

13  (Doc. 13.) Respondents did not comply. Accordingly, on December 18, 2025, the Court issued an

14  order directing Respondents to show cause why sanctions should not be imposed for failure to

15  comply with the Court's order. (Doc. 14.) On that same date, Respondents filed a response to the

16  order to show cause. (Doc. 16.)

17  Respondents contend they understood that the Court directed Respondents to produce

18  these documents on Petitioner only. (Doc. 16 at 1-2.) Respondents state they believed the Court's

19  use of the wording "to produce" meant the direct production of these documents on Petitioner's

20  counsel. (Doc. 16 at 2.) Respondents state the Court "never explicitly directed Respondents to file

21  these documents on the docket." (Doc. 16 at 2.) Respondents' contention is difficult to fathom.

22  As noted above, Habeas Rule 5 directs Respondents to provide relevant documentation to,

23  *inter alia*, "ensure that the court is provided with additional information that may assist it in

24  resolving the issues raised, or not raised, in the petition." Respondents had not provided any

25  responsive documentation. The Court accommodated Respondents' request for reconsideration

26  while noting the importance of providing certain specific documents. (Doc. 13.) These documents

27  are highly relevant when the parties' arguments turn on the specific manner in which a detainee

28  has been detained, released, and re-detained. Notwithstanding the foregoing, Respondents appear

2

to be sincere in their interpretation and have provided a copy of an email reflecting that the documents were provided to Petitioner's counsel in response to the Court's order. (Doc. 16-1.)

Accordingly, the Court will discharge the order to show case. In the future, when the Court directs Respondents "to produce"[1] relevant documents pursuant to Rule 5 of the Habeas Rules in its order directing a response *and subsequent orders following Respondents' requests for modification and reconsideration*, the Court means production of said documentation *on the Court* as well as Petitioner, as such documents are necessary for the Court to verify the parties' arguments.

## II.     RELEASE OF PETITIONER

Respondents have complied with the order granting the petition and released Petitioner. According to Respondent's amended status report, Petitioner was released from ICE custody on December 18, 2025, at 4:52 p.m. (Doc. 18.) Accordingly, the case will be closed.

**ORDER**

IT IS HEREBY ORDERED:

1) The Order to Show Cause of December 18, 2025, is **DISCHARGED**; and

2) The Clerk of Court is directed to **ENTER JUDGMENT and CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **December 22, 2025**                      /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Or whatever other terminology, *i.e.*, "provide," "supply," "furnish."

3